UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 120-059 |
| | ) | |
| JOHNATHAN MALONE | ) | |

## PLEA AGREEMENT

Defendant **JOHNATHAN MALONE**, represented by his counsel Jesse W. Owen and the United States of America, represented by Assistant United States Attorney Tara M. Lyons have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly possessed an item or item(s) of child pornography; (2) the item(s) of child pornography had been shipped or transported in or affecting interstate or foreign commerce; and (3) when the Defendant possessed the item(s), the Defendant believed the item(s) were and contained child pornography.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: Beginning at a time unknown to the Grand Jury but at least on or about April 18, 2019, in Columbia County, within the Southern District of Georgia, the defendant, JOHNATHAN MALONE, did knowingly possess child pornography as defined in Title 18, United States Code, Section 2256(8)(A), that is, any visual depiction of a minor, any person under 18 years old, engaged in sexually explicit conduct, one or more of such images depicting a prepubescent minor or any person under 12 years old engaged in sexually explicit conduct said images having been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

3.    Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible sentence:  20 years' imprisonment, no less than 5 years' supervised release but not more than life, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets.   The Court additionally must impose a $100 special assessment per count of conviction. The Defendant will also be subject to the following possible penalties: (1)  an assessment of $5,000.00 per count under 18 U.S.C. §3014; (2) an assessment, pursuant to 18 U.S.C. §2259A, per count; (3) registration as a sex offender under the Sex Offender Registration and Notification Act; and (4) mandatory restitution under 18 U.S.C. § 2259.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence.  The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b.    Acceptance of Responsibility

3

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

    c.    <u>Low End of Guidelines Range</u>

The government will recommend that Defendant be sentenced to the low end of the advisory Guidelines range determined by the Court at sentencing.

7.    <u>Forfeiture</u>

    a.    Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 21 offense to which he has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically any cellular devices, computers, electronic devices or storage devices (collectively, the "Subject Property").

    b.    Defendant states that he is the sole and rightful owner of the Subject Property, that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for

4

remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

      c.     Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      d.     Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

8.    <u>Financial Obligations and Agreements</u>

      a.     <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.      Special Assessment

Defendant agrees to pay a special assessment in the amount of $100 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

9.   Waivers

a.      Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute).  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

b.      Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c.      FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    <u>Sex Offender Registration</u>

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

11.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty,

including:  the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.   Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13.   Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.   In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14.   Entire Agreement

8

This agreement contains the entire agreement between the government and Defendant.

<table>
<tr><td>10/5/2020<br>Date</td><td>BOBBY L. CHRISTINE<br>UNITED STATES ATTORNEY<br><br>Patricia G. Rhodes<br>Georgia Bar No. 307288<br>Deputy Chief, Criminal Division</td></tr>
<tr><td>10/5/20<br>Date</td><td>Tara M. Lyons<br>South Carolina Bar No. 16573<br>Assistant United States Attorney</td></tr>
</table>

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8-28-2020
Date

Defendant, Johnathan Malone

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

8-28-2020
Date

Defendant's Attorney, Jesse W. Owen

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     CR: 120-059 |
| | ) |
| JOHNATHAN MALONE | ) |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 5th day of November 2020.

_____
HONORABLE J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA